### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| URETEK (USA), INC, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-11-3060 |
| § | |
| URETEKNOLOGIA § | |
| DE MEXICO S.A. DE C.V., § | |
| § | |
| Defendant. § | |

### ORDER

This is a breach-of-contract case between Uretek, an American company in the business of developing technology for analyzing and repairing concrete, and Ureteknologia de Mexico (UdeM). In 2003, Uretek entered into a sublicense agreement under which UdeM was permitted to use Uretek's proprietary technology and was required to purchase at least 100,000 pounds of Star 486 polyurethane foam annually from Uretek . (Docket Entry No. 15, ¶ 5). In 2009, Uretek agreed to help UdeM perform its contract with Mexico City to repair its Metro system. (*Id*., ¶ 6). In May 2010, the heads of both companies met and discussed proposed revisions to the sublicense agreement. (*Id*., ¶ 6). In this lawsuit, UdeM alleges that these revisions were executed and the agreement amended. (Docket Entry No. 16, at 5–6). Uretek alleges that the proposed revisions did not go beyond the draft stage and that its president did not intend to agree to them. (Docket Entry No. 15, ¶ 8).

Uretek seeks a declaratory judgment that the amendment to the sublicense agreement was not effective because of Uretek's failure to execute it, lack of consideration, and fraud. (*Id*., ¶ 12).

Uretek seeks damages for UdeM's alleged breaches of the original sublicense agreement, including UdeM's failure to purchase the contractually agreed minimum amounts of foam, and UdeM's failure to fully pay Uretek for its help in completing the Metro repair work. (*Id.*, ¶ 14–16).   UdeM pleads affirmative defenses to Uretek's breach-of-contract claims, including waiver, ratification, release, promissory and equitable estoppel, and the statute of frauds. (Docket Entry No. 16, at 4–5). UdeM also asserts several counterclaims, asking for: a declaratory judgment that the sublicense agreement modified by the May 18, 2010 revisions is valid and enforceable; damages for Uretek's breach of the modified sublicense agreement by refusing to provide it with the foam and other services that it was required to provide; and specific performance. (*Id.* at 5 –7).

On October 19, 2012, UdeM moved for leave to file a summary-judgment motion and attached a copy of the motion it wants to file. (Docket Entry Nos. 21, 22). The scheduling and docket control order set September 14, 2012 as the deadline for filing pretrial motions. UdeM justifies its tardy filing by stating that the parties had difficulties scheduling Uretek's deposition of UdeM's president. Docket call is currently scheduled for November 16, 2012. Uretek opposes the motion for leave, pointing out that it cannot properly finish its pretrial preparations if it has to respond to a summary-judgment motion.

This court concludes that the combination of the scheduling difficulties the parties apparently encountered and the fact that many of the issues may be amenable to resolution on summary judgment together weigh in favor of granting the motion for leave. Uretek's argument that it will not have enough time to complete final pretrial preparations if its has to respond to the summary-judgment motion is best met by extending the dates for filing the joint-pretrial order and

the docket call by 90 days. This extension will give enough time for Uretek to respond, the court to rule, and the parties to complete the final pretrial work.

The motion for leave to file the summary judgment motion, (Docket Entry No. 21), is granted. The summary-judgment motion, (Docket Entry No. 22), is deemed filed as of November 5, 2012. The joint pretrial order deadline is extended to February 15, 2013, and docket call is reset to **February 22, 2013, at 2:00 p.m.**

SIGNED on November 5, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge