IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| URETEK (USA), Inc., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-11-3060 |
| | § | |
| URETEKNOLOGIA de MEXICO | § | |
| S.A. de C.V., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Uretek (USA), Inc. moved for a new trial and for the court to reconsider the award of attorney's fees to the defendant, Ureteknologia de Mexico ("UdeM"). (Docket Entry No. 68). UdeM has responded. (Docket Entry No. 69). Based on the pleadings, the motion and response, the record, and the relevant law, Uretek's motion for a new trial is denied. The reasons are explained below.

**I.    Background**

Uretek licensed to UdeM patented technology for concrete rehabilitation and repair using Uretek's expansive polyurethane foam. The 2003 Sublicense Agreement allowed UdeM to use and sell these processes and products in the Republic of Mexico. The 2003 Sublicense Agreement required UdeM to purchase from Uretek a specified amount of Uretek's proprietary polyurethane foam, Star 486, each year from 2004 through the contract term. The Agreement granted UdeM an exclusive sublicense to provide and distribute current and future Uretek processes and products within Mexico and prohibited Uretek from competing with UdeM. The Agreement also restricted UdeM from purchasing Star 486 and other materials from companies other than Uretek.

In this lawsuit, Uretek alleged that in 2007, 2008, and 2010, UdeM failed to purchase the amount of polyurethane the 2003 Sublicense Agreement required. Uretek also alleged that UdeM refused to pay the agreed price for the foam and services Uretek provided on a project in Mexico City that Uretek worked on with UdeM in December 2009. Uretek alleged that in May 2010, a UdeM representative met with Uretek's president, Brent Barron. After two meetings, in June 2010, Barron signed what Uretek contended was a draft amendment to the 2003 Sublicense Agreement and what UdeM contended was the final June 2010 First Amendment. In this lawsuit, Uretek denied that it signed the June 2010 Amendment to the Sublicense Agreement with the intent to be bound. Although Barron wrote his initials on the June 16, 2010 First Amendment and the June 16, 2010 Release, Uretek contended that Barron was told by UdeM's representative that the Amendment was a draft that would be revised further. Uretek contended that Barron initialed the pages intending to indicate that he had read them, not that he agreed to them.

Uretek sought a declaratory judgment that the June 2010 First Amendment and 2010 Release to the Sublicense Agreement never became effective and that UdeM breached the 2003 Sublicense Agreement. Uretek sought damages and attorney's fees. Uretek contended that it terminated the Sublicense Agreement because UdeM failed to purchase the required amounts of polyurethane foam in 2007, 2008, and 2010 and failed to pay the full price for the foam and services that it did purchase for the Mexico City project in December 2009.

UdeM answered and asserted affirmative defenses to the breach of contract claims, including ratification and release. UdeM alleged that in the June 2010 First Amendment, the parties agreed to amend the 2003 Sublicense Agreement, including removing the prior requirement that UdeM buy a minimum amount of polyurethane foam from Uretek each year. UdeM contended that on June 16,

2010, Barron executed the 2010 First Amendment and 2010 Release by initialing each page. UdeM denied making misrepresentations to Barron and asserted that it was clear that the First Amendment and the Release were final and intended to be binding once executed. UdeM also pointed out that in and after June 2010, Uretek deposited checks from UdeM that clearly stated on the face of the checks that they were under the First Amendment to the Sublicense Agreement.

UdeM alleged that the June 2010 Release was of all claims Uretek might have against UdeM from 2003 through June 16, 2010, which included all the claims Uretek asserted in this lawsuit. UdeM asserted that it paid Uretek in exchange for the Release, that no more money was owed, and that Uretek wrongfully terminated the Sublicense Agreement. UdeM also asserted several counterclaims, including for a declaratory judgment that the 2003 Sublicense Agreement was modified by the May 2010 Letter Agreement and June 2010 First Amendment, which are valid and enforceable, and for specific performance of the 2003 Sublicense Agreement as modified.

At trial, the jury found that Uretek had failed to prove that UdeM had obtained Brent Barron's initials on the June 2010 Amendment and Release by fraudulently misrepresenting that the documents were drafts and not intended to be final or binding. The jury found that Uretek did not agree to amend the 2003 Sublicense Agreement in June 2010 but did ratify this Amendment, and that Uretek agreed to the Release.

This court resolved the parties' posttrial motions and entered judgment on July 10, 2013. The judgment declared that: (1) the 2003 Sublicense Agreement, as modified by the May 2010 Agreement and the June 2010 First Amendment, is valid; (2) Uretek's termination breached the 2003 Sublicense Agreement as modified; (3) the June 2010 Release is valid, and (4) that Uretek would

take nothing on its claims against UdeM. The court denied UdeM's request for specific performance and granted its request for attorney's fees. (Docket Entry No. 67).

Uretek timely moved for a new trial under Federal Rule of Civil Procedure 59(a). (Docket Entry No. 68). UdeM responded. (Docket Entry No. 69).

## II. Whether Uretek's "Newly Discovered Evidence" Is a Basis for a New Trial

Rule 59(a) of the Federal Rules of Civil Procedure provides that a "court may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." FED. R. CIV. P. 59(a). A district court may grant a new trial on the ground that there is newly discovered evidence material to the outcome. *Diaz v. Methodist Hosp.*, 46 F.3d 492, 495 (5th Cir. 1995). The court must consider whether the evidence: "(1) would probably have changed the outcome of the trial; (2) could have been discovered earlier with due diligence; and (3) is merely cumulative or impeaching." *Id.* The burden is on the party moving for a new trial to demonstrate that the new evidence clearly weighs in favor of a new trial. *Id.*

Uretek contends that a new trial is warranted because it has evidence that UdeM breached the amended Sublicense Agreement by performing work in Mexico without purchasing Star 486 from Uretek and by using polymer that it purchased from a third party without authorization. Uretek attaches declarations by Ronald E. Park, a sales representative at Bayer MaterialScience, LLC, and Brett Barron, Uretek's president. Park and Barron state that Bayer produces Star 486 under an exclusive agreement with Uretek but that UdeM and its affiliate, Urelift, have not purchased Star 486 from Bayer or Uretek within the last year. (Docket Entry No. 68, Exs. B & C). Uretek also submitted photographs of work performed by Urelift in Guadalajara, Mexico between June 22 and

23, 2013. The photographs are of vehicles advertising that Urelift uses the Uretek method and of containers marked "Uretek ISO" and "Uretek Resin." (Docket Entry No. 68, Exs. A & A-1–A-16).

Uretek has not shown that this evidence, had it been considered by the jury, would likely have changed the trial's outcome. The jury found that Uretek agreed to modify the Sublicense Agreement in 2010. Although Paragraph 8H(3) of the original Sublicense Agreement prohibited UdeM from purchasing material from third parties and made such purchases a basis for contract termination, that paragraph was deleted by the June 2010 First Amendment. There is also uncontested evidence that Uretek notified UdeM that it terminated the Sublicense Agreement and refused to sell UdeM Star 486. The evidence that Uretek submitted with its motion for new trial suggests that UdeM purchased polymers from third parties within the last year — well after Uretek terminated the Sublicense Agreement. To the extent that UdeM breached its Agreement with Uretek by purchasing polymers from third parties, Uretek's earlier termination of that Agreement excused the breach. *Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 200 (Tex. 2004).

Uretek has also failed to show that, with due diligence, it could not (and did not) discover UdeM's third-party purchases before trial. In support of its motion for new trial, Uretek submitted evidence showing that: (1) UdeM did not purchase Star 486 from Uretek or Bayer within the last 12 months and (2) UdeM continued to provide concrete repair services to its customers after it stopped purchasing Star 486 from Uretek and Bayer. Uretek has not explained why this information was not presented before trial. In response to Uretek's motion for new trial, UdeM submitted pretrial deposition testimony by UdeM's president, Francisco Javier Alvarez, stating that Urelift was continuing to do business using polymers it purchased from companies in Mexico. (Docket Entry No. 69, Ex. A).

Uretek has not shown that its new evidence could not have been discovered with due diligence before trial or that, had it been presented to the jury, it likely would have changed the trial's outcome. Uretek's motion for new trial on the ground of newly acquired evidence is denied.

### III.     Whether UdeM Was a "Prevailing Party" Entitled to Attorney's Fees

Uretek moves, in the alternative, for a new trial on UdeM's attorney's fee award. In a June 27, 2013 Memorandum and Opinion, this court awarded UdeM attorney's fees under the 2003 Sublicense Agreement, as modified by the 2010 First Amendment, and under Chapter 38 of the Texas Civil Practice and Remedies Code. (Docket Entry No. 65 at 18–23). Uretek contends that this award was improper because UdeM was not a prevailing party. Uretek points out that UdeM did not succeed on its counterclaim for a declaratory judgment that Uretek executed the June 2010 Amendment to the 2003 Sublicense Agreement or its request for specific performance. Uretek cites no authority to support its argument that UdeM was not a prevailing party under Texas law.

In *Intercontinental Group Partnership, v. KB Home Loan Star L.P.*, 295 S.W.3d 650 (Tex. 2009), the Texas Supreme Court considered whether a plaintiff could recover attorney's fees under a contract provision awarding fees to the prevailing party. The jury had found the defendant breached the contract but awarded no damages. Following United States Supreme Court precedent, the Texas Supreme Court held that to be a prevailing party and recover fees, "a claimant must obtain actual and meaningful relief, something that materially alters the parties' legal relationship." *Id.* at 652 (citing *Farrar v. Hobby*, 406 U.S. 103, 111–12 (1992)). Because the plaintiff had sought damages, but not a declaratory judgment, it had not prevailed for the purpose of a fee award. The court emphasized that the result might have been different if the plaintiff had sought and obtained a declaratory judgment. "The dissent cites a variety of situations where *we agree the plaintiff would*

*'prevail': when the plaintiff obtains* rescission of the contract, specific performance, an injunction, or a *declaratory judgment.*" *Id.* at 659 (emphasis added). Distinguishing such cases, the court explained that, "[t]oday's decision is not grounded on the fact that [the plaintiff] received no money damages, but rather on the fact that [it] received nothing at all." *Id.* A party that obtained a declaratory judgment, on the other hand, "prevails" because "a declaratory judgment, by its nature, is forward looking: it is designed to resolve a controversy and prevent future damages. It affects a party's behavior or alters the parties' legal relationship on a going-forward basis." *Id.* at 660.

In this case, as in *Intercontinental Group*, the contract includes a provision awarding attorney's fees to the "prevailing party" in a dispute. UdeM succeeded on its declaratory judgment counterclaims that the 2003 Sublicense Agreement as modified by the May 18 and June 16, 2010 Amendments was valid; the June 16, 2010 Release was valid; and that Uretek's termination of the Sublicense Agreement was improper. After considering the jury verdict and the parties' posttrial motions, this court entered final declaratory judgment in UdeM's favor. Under Texas law, UdeM was a "prevailing party" entitled to its attorney's fees.

UdeM is also a "prevailing party" because it successfully defended against Uretek's breach-of-contract claims. As explained above, Uretek sued UdeM for a declaratory judgment that the June 2010 Amendment to the 2003 Sublicense Agreement was not effective because it was not executed, was not supported by consideration, and was obtained through fraud. Uretek also sought damages for its claim that UdeM breached the 2003 Sublicense Agreement. The jury concluded that Uretek — not UdeM — breached the Sublicense Agreement and awarded Uretek no damages. This court entered final judgment that Uretek take nothing. Although in *Intercontinental Grp. P'Ship*, the Texas Supreme Court reserved the issue, *id.*, at 657–59, Texas intermediate appellate courts

7

routinely affirm attorney's fee awards under contractual attorney's fee provisions to parties who have successfully defended against breach-of-contract claims. *See, e.g.*, *Johnson v. Smith*, No. 07–10–00017–CV, 2012 WL 140654, at *3 (Tex. App.—Amarillo Jan.18, 2012, no pet.); *Old HH, Ltd. v. Henderson*, No. 03–10–00129–CV, 2011 WL 6118570, at *4 (Tex. App.—Austin Dec. 9, 2011, no pet.); *Fitzgerald v. Schroeder Ventures II, LLC*, 345 S.W.3d 624, 629 (Tex. App.—San Antonio 2011, no pet.); *Silver Lion, Inc. v. Dolphin St., Inc.*, No. 01–07–00370–CV, 2010 WL 2025749, at *18 (Tex. App.—Houston [1st Dist.] May 20, 2010, pet. denied).

Uretek's motion for a new trial on this court's attorney's fee award is denied.

**III.    Conclusion**

Uretek's motion for a new trial is denied.

SIGNED on July 30, 2013, at Houston, Texas.

Lee H. Rosenthal
United States District Judge