IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| URETEK (USA), INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-11-3060 |
| | § | |
| URETEKNOLOGIA de MEXICO S.A. de C.V., | § § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Defendant Ureteknologia de Mexico ("UdeM") seeks an award of attorney's fees in connection with its successful defense of plaintiff Uretek's motion for new trial and appeal to the Fifth Circuit. (Docket Entry No. 97). Uretek has responded. (Docket Entry No. 99). Based on the pleadings, the motion and response, the record, and the relevant law, UdeM's motion for award of attorney's fees is denied. The reasons are explained below.

**I.      Background**

On July 10, 2013, the court entered final judgment in UdeM's favor and awarded UdeM its reasonable attorney's fees incurred at that point, $211,609.88. (Docket Entry No. 67). Uretek filed a motion for new trial. (Docket Entry No. 70). UdeM opposed the motion and asked the court to award it an additional $2,655 in fees for having to respond. The court denied the motion for new trial, confirmed its final judgment and original award of attorney's fees to UdeM, and did not award UdeM the added fees associated with the motion for new trial.

Uretek appealed the court's July 10, 2013 final judgment. UdeM did not cross-appeal. The Fifth Circuit affirmed. UdeM did not ask the Fifth Circuit to award attorney's fees incurred in the

appeal, and the Fifth Circuit entered judgment ordering that each party would bear its own costs.

UdeM has moved this court to award the $5,693.50 in attorney's fees incurred in defending against Uretek's motion for new trial and the $36,698 incurred in responding to Uretek's appeal to the Fifth Circuit.

**II.     Analysis**

The court's final judgment did not include the attorney's fees Uretek sought in its response to UdeM's new trial motion. UdeM did not cross-appeal any aspect of the final judgment. The current request presents no basis for the court to modify its earlier ruling.

UdeM also asks for attorney's fees for its successful defense of Uretek's appeal. A party seeking fees incurred on appeal may file a motion in the appellate court. FED. R. APP. P. 39. The court of appeals may award or reject the motion and may either determine the fees itself or remand the matter to the district court to calculate the appropriate fee amount. *See Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.*, 334 F.3d 423, 433 (5th Cir. 2003) ("Now that we have ruled in favor of Instone, the matter is ripe for adjudication. We remand in order to allow the district court to make the initial determination and award of appellate attorney's fees."); *Norris v. Hartmarx Specialty Stores, Inc.*, 913 F.2d 253, 257 (5th Cir. 1990); *Stelly v. C.I.R.*, 804 F.2d 868, 871 (5th Cir. 1986) ("In some cases where we have imposed sanctions, we have determined the amount of the sanction ourselves. In other cases, . . . we have remanded the case to the district court in order to determine the amount of attorney's fees." (internal citations omitted)).

UdeM neither sought nor received a fee award from the Fifth Circuit. The judgment was affirmed; there was no remand. The Fifth Circuit's judgment and mandate states that "IT IS

FURTHER ORDERED that each party [is] to bear its own costs on appeal." UdeM does not identify any basis for this court to act, much less to change the Fifth Circuit's judgment.

### III. Conclusion

UdeM's motion for attorney's fees is denied.

SIGNED on January 22, 2015, at Houston, Texas.

Lee H. Rosenthal
United States District Judge